# UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| HARRY A.[1] )<br>)<br>**Plaintiff,** )<br>)<br>vs. )<br>)<br>COMMISSIONER of SOCIAL )<br>SECURITY, )<br>)<br>**Defendant.** ) | Civil No. 3:24-cv-01653-GCS |

## MEMORANDUM & ORDER

**SISON, Magistrate Judge:**

In accordance with 42 U.S.C. § 405(g), Plaintiff, through counsel, seeks judicial review of the final agency decision denying his application for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI").[2]

### PROCEDURAL HISTORY

On October 15, 2021, Plaintiff filed applications for DIB and SSI alleging a disability onset date of March 20, 2020. After holding an evidentiary hearing on June 13, 2023, an Administrative Law Judge ("ALJ") denied the application on July 24, 2023. (Tr. 12-31). At the evidentiary hearing, Plaintiff agreed to amend the alleged disability onset

---

[1]   Plaintiff's full name will not be used in this Memorandum & Order due to privacy concerns. *See* FED. R. CIV. PROC. 5.2(c) and the Advisory Committee Notes thereto.

[2]   This case was assigned to the undersigned for final disposition upon consent of the parties pursuant to 28 U.S.C. § 636(c). *See* (Doc. 10).

date to January 21, 2021. On May 3, 2024, the Appeals Council denied Plaintiff's request for review, making the ALJ's decision the final agency decision subject to judicial review. (Tr. 1). Plaintiff exhausted administrative remedies and filed a timely complaint with this Court.

## ISSUES RAISED BY PLAINTIFF

Plaintiff raises the following issues:

1. The decision fails to properly evaluate Plaintiff's subjective reports of pain.

2. The decision fails to properly evaluate medical opinion evidence.

3. The RFC is not supported by substantial evidence.

## APPLICABLE LEGAL STANDARDS

"The [SSA] provides benefits to individuals who cannot obtain work because of a physical or mental disability." *Biestek v. Berryhill*, 139 S. Ct. 1148, 1151 (2019). Disability is the inability "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." *Stephens v. Berryhill*, 888 F.3d 323, 327 (7th Cir. 2018) (citing 42 U.S.C. § 423(d)(1)(A)).

To determine whether a claimant is disabled, the ALJ considers the following five questions in order: (1) Is the claimant presently unemployed? (2) Does the claimant have a severe impairment? (3) Does the impairment meet or medically equal one of a list of specific impairments enumerated in the regulations? (4) Is the claimant unable to perform his former occupation? and (5) Is the claimant unable to perform any other work? *See* 20

C.F.R. § 404.1520.

An affirmative answer at either step 3 or step 5 leads to a finding that the claimant is disabled. A negative answer at any step, other than at step 3, precludes a finding of disability. The claimant bears the burden of proof at steps 1–4. Once the claimant shows an inability to perform past work, the burden then shifts to the Commissioner to show the claimant's ability to engage in other work existing in significant numbers in the national economy. *See Zurawski v. Halter*, 245 F.3d 881, 886 (7th Cir. 2001).

It is important to recognize that the scope of judicial review is limited. "The findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive . . . ." 42 U.S.C. § 405(g). Accordingly, this Court is not tasked with determining whether or not Plaintiff was, in fact, disabled at the relevant time, but whether the ALJ's findings were supported by substantial evidence and whether any errors of law were made. *See Lopez ex rel. Lopez v. Barnhart*, 336 F.3d 535, 539 (7th Cir. 2003). The Supreme Court defines substantial evidence as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Biestek*, 139 S. Ct. at 1154 (internal citations omitted).

In reviewing for "substantial evidence," the entire administrative record is taken into consideration, but this Court does *not* reweigh evidence, resolve conflicts, decide questions of credibility, or substitute its own judgment for that of the ALJ. *Burmester v. Berryhill*, 920 F.3d 507, 510 (7th Cir. 2019). However, while judicial review is deferential, it is not abject; this Court does not act as a rubber stamp for the Commissioner. *See Parker v. Astrue*, 597 F.3d 920, 921 (7th Cir. 2010).

## THE DECISION OF THE ALJ

The ALJ followed the five-step analytical framework described above. He determined that Plaintiff met the insured status requirements through March 31, 2025, and Plaintiff had not worked at the level of substantial gainful activity since his alleged onset date of January 21, 2021. The ALJ found that Plaintiff had the following severe impairments: degenerative disc disease of the cervical spine; dysfunction of the left shoulder; and peripheral neuropathy. He also found that Plaintiff had the following non-severe impairments of type II diabetes mellitus, presbyopia, and hyperlipidemia. (Tr. 18-19).

The ALJ found that Plaintiff had the residual functional capacity ("RFC") "to perform light work except the "claimant can never climb ladders, ropes, or scaffolds but can occasionally climb ramps and stairs. He can occasionally stoop, kneel, crouch, and crawl. He can reach frequently with the bilateral upper extremities up to the height of bilateral shoulders. He can only occasionally reach above the height of the bilateral shoulders with the bilateral extremities. He can frequently handle objects with the left upper extremity, which is defined as gross manipulation. He can frequently finger with the left upper extremity, which is defined as fine manipulation of items no smaller than a paperclip. He can frequently feel with the left upper extremity. He can occasionally use foot controls with the bilateral lower extremities. He can have no exposure to unshielded moving mechanical parts. He can have no exposure to unprotected heights." (Tr. 20-21). Thus, the ALJ found Plaintiff was not disabled.

## THE EVIDENTIARY RECORD

The Court has reviewed and considered the entire evidentiary record in preparing this Memorandum & Order. The Court finds the ALJ's summary of the record in his decision when compared with the points raised by Plaintiff, are sufficiently comprehensive. Therefore, there is no need to summarize it again here.

## DISCUSSION

The Court initially addresses Plaintiff's first argument that the ALJ failed to properly evaluate Plaintiff's pain. The Court agrees that the ALJ did not adequately explain his assessment of Plaintiff's subjective complaints. Based on the foregoing, the Court finds that remand is required for a proper evaluation of the Plaintiff's subjective symptoms.

The ALJ is "in the best position to determine a witness's truthfulness and forthrightness . . . [and thus, the] court will not overturn an ALJ's credibility determination unless it is 'patently wrong.'" *Shideler v. Astrue*, 688 F.3d 306, 310–311 (7th Cir. 2012) (quoting *Skarbek v. Barnhart*, 390 F.3d 500, 504–505 (7th Cir. 2004)). But, when the credibility determination rests on "objective factors or fundamental implausibilities rather than subjective considerations [such as a claimant's demeanor], appellate courts have greater freedom to review the ALJ's decision." *Clifford v. Apfel*, 227 F.3d 863, 872 (7th Cir. 2000). When making the credibility determination, "an ALJ must adequately explain his credibility finding by discussing specific reasons supported by the record." *Pepper v. Colvin*, 712 F.3d 351, 367 (7th Cir. 2013); SSR 16-3p, 2016 WL 1119029 (Mar. 16, 2016)

(superseding SSR 96-7p).[3] Additionally, while an ALJ is not required to provide a complete written evaluation of every piece of testimony and evidence, reversal and remand is required where the ALJ "provides nothing more than a superficial analysis[.]" *Rice v. Barnhart*, 384 F.3d 363, 370 (7th Cir. 2004). As such, an ALJ cannot simply state that an individual's allegations have been considered or that the individual's allegations are not credible. Rather, the ALJ must "give[] specific reasons for [a credibility] finding, supported by substantial evidence." *Myles v. Astrue*, 582 F.3d 672, 676 (7th Cir. 2009).

The process for evaluating a claimant's symptoms is organized around two major steps. First, the claimant must provide objective medical evidence of a medically determinable impairment or combination of impairments that reasonably could be expected to produce the alleged symptoms. *See* 20 C.F.R. § 404.1529(a)-(b). Second, after the claimant satisfies the first step, the ALJ must then evaluate the intensity, persistence, and limiting effects of the individual's symptoms to determine the extent to which the symptoms limit the individual's ability to do basic work activities. *See* 20 C.F.R. § 404.1529(c). In evaluating allegations of pain, adjudicators are directed to consider whether the symptoms are "consistent with the objective medical [evidence] and other evidence in the individual's record." SSR 16-3p, 2016 WL 1119029, at *2 (Mar. 16, 2016). *See also* 20 C.F.R. § 404.1529(a) (explaining that the agency considers both

---

[3]   SSR 96-7p referred to a claimant's "credibility," but SSR 16-3p removed that term to "clarify that subjective symptom evaluation is not an examination of the individual's character." SSR 16-3p, 2016 WL 1119029, at * 1 (Mar. 16, 2016). Instead, ALJs are reminded to "consider all of the evidence in an individual's record when they evaluate the intensity and persistence of symptoms after they find that an individual has a medically determinable impairment(s) that could reasonably be expected to produce those symptoms," as consistent with the regulations. *Id.* Under either SSR version, the outcome of this case would be the same.

"objective medical evidence and other evidence" in evaluating whether an impairment affects activities of daily living and the ability to work).

Objective medical evidence is merely one factor to be considered, and an ALJ is not free to "disregard an individual's statements about the intensity, persistence, and limiting effects of symptoms solely because the objective medical evidence does not substantiate the degree of impairment-related symptoms alleged by the individual." SSR 16-3p, 2016 WL 1119029, at *5 (Mar. 16, 2016). Other factors that the ALJ should examine include "daily activities, allegations of pain, aggravating factors, types of treatment received and medication taken, and 'functional limitations.'" *Simila v. Astrue*, 573 F.3d 503, 517 (7th Cir. 2009) (quoting 20 C.F.R. § 404.1529(c)(2)-(4)). An ALJ may not disregard subjective complaints "solely because they are not substantiated by objective medical evidence." *Hall v. Colvin*, 778 F.3d 688, 691 (7th Cir. 2015); *Vanprooyen v. Berryhill*, 864 F.3d 567, 572 (7th Cir. 2017) (quoting *Villano v. Astrue*, 556 F.3d 558, 562 (7th Cir. 2009)). *See also Carradine v. Barnhart*, 360 F.3d 751, 754 (7th Cir. 2004) (stating that "[p]ain is always subjective in the sense of being experienced in the brain."). "[P]ain alone can be disabling . . . [therefore] [t]estimony of severe pain cannot be disregarded simply because it is not supported by objective medical evidence." *Stark v. Colvin*, 813 F.3d 684, 688 (7th Cir. 2016). An ALJ's "failure to adequately explain his or her credibility finding . . . is grounds for reversal." *Minnick v. Colvin*, 775 F.3d 929, 937 (7th Cir. 2015).

In this case, the ALJ found that Plaintiff's "medically determinable impairments significantly limit the ability to perform basic work activities as required by SSR 85-28." (TR. 18). Even so, the ALJ concluded: "the undersigned finds that the claimants medically

determinable impairments could reasonably be expected to cause the alleged symptoms; however, the claimant's statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely consistent with the medical evidence and other evidence in the record . . . ." (Tr. 22). Specifically, the ALJ found:

> Overall, the claimant's statements about the intensity, persistence, and limiting effects of his symptoms do not appear fully consistent with the objective evidence of the record.
> . . .
> As discussed above in summarizing the claimant's alleged symptom and function reports, the claimant indicated that pain in his neck, arms, and legs interfered with the way that he performed many activities of daily living so that he either required help to complete tasks or had to change the manner in which he performed most personal care tasks or household chores (See, e.g., Ex. 4E). Although he noted that it was stressful to have to modify every aspect of his daily life, the claimant described generally good independence in caring for himself and his home despite the challenges his symptoms caused (See, e.g., Ex. 4E). As described in reviewing the medical evidence above, examination findings and medical records also appear generally consistent with the claimant's reports that he could perform most necessary activities of daily living with modifications to limit how frequently he needed to reach or perform postural maneuvers that could exacerbate his increasing pain levels. For example, the claimant reported slight increases in limitations on repeated Neck Disability Index assessments between July 2021 and December 2022, which is not inconsistent with his reports of worsening symptoms between the function report completed in March 2022 and hearing testimony in June 2023. However, the claimant's testimony that he had become unable to hold objects with the left hand or to walk more than a few minutes do not reflect any corresponding findings in the objective evidence. While the claimant was waiting to undergo surgery on the left foot in May 2023 that he was rescheduling from an earlier planned procedure that year, those records do not include any noted problems with the claimant's gait or mobility by either podiatry or primary care providers (See, e.g., Ex. 9F/6-7; Ex. 10F/33-34). Accordingly, while the undersigned does find the record as a whole supports a need for exertional and non-exertional limitations to accommodate the effects of the claimant's medically determinable impairments during the relevant period, the objective evidence does not appear fully consistent with the exact limitations in standing, walking, and lifting that the claimant has alleged in his application materials and hearing testimony.

(Tr. 27-28).

Here, the ALJ's subjective symptom analysis provides no connection between Plaintiff's symptom testimony and the objective medical evidence to support his conclusion discounting Plaintiff's statements about the intensity, persistence, and limiting effects of his symptoms. The ALJ recited medical evidence that may fit into the Section 1529 categories listed above but failed to discuss all the factors clearly. *See* (Tr. 23-27). The ALJ is not specific about why he did not fully credit Plaintiff's testimony concerning the duration, frequency and intensity of the pain, the dosage, effectiveness and side effects of medications, other treatment plaintiff received, or precipitating and aggravating factors. Instead, the ALJ relies on boilerplate language regarding the treatment and medical records not supporting the limitations described by Plaintiff without explaining why the records contradict his statements regarding his constant pain in his feet, left arm, back and neck, the inability to stand, inability to walk long distances, the inability to use his left extremity, neuropathy, and the need to elevate his feet. *See, e.g., Bjornson v. Astrue*, 671 F.3d 640, 645 (7th Cir. 2012) (noting that "[s]uch boilerplate language fails to inform us in a meaningful, reviewable way of the specific evidence the ALJ considered in determining that claimant's complaints were not credible.") (internal citation and quotation marks omitted).

The record contains several limitations on how Plaintiff performed his daily activities. For example, Plaintiff testified that he has issues with both feet with the left being worse. (Tr. 51-52). He stated that he could only walk on a flat surface for 15-20

minutes before resting. (Tr. 52). As another example, Plaintiff reported that he has constant shooting pain in his left arm, that he has problems holding onto things with his left hand, and that he cannot reach above his head with his left arm/shoulder. (Tr. 50-51). He also stated that he could only lift five pounds with the left arm and that he could only lift 15 to 20 pounds with his right arm. (Tr. 53). There are portions of the record which demonstrate Plaintiff's allegations of neck, shoulder, arm and hand symptoms including an October 3, 2022, MRI of the left shoulder showing severe left acromioclavicular joint osteoarthritis with mild subacromial bursitis and mild left glenohumeral joint chondrosis. (Tr. 483-484). As additional support for Plaintiff's allegations, there is another October 3, 2022, MRI of the spine revealing at C3-C4 a small right paracentral disc herniation; at C4-C5 and C5-C6 there are small right paracentral disc herniations with posterior osteophytes; and at C6-C7, there is a bulging disc. (Tr. 489). Lastly, light touch sensation was diminished in the fingers on the left hand and with mild grip weakness. (Tr. 488). Further, there is no evidence in the record of malingering or symptoms of magnification. In fact, the record reflects that Dr. Vest, who physically examined/treated Plaintiff, noted his many complaints and symptoms, *i.e.*, low back pain, pain in back of neck with radiation of pain into the left arm and low back, numbness and tingling in left hand, symptoms lasting from 1 year in right arm and symptoms lasting for 2 years in left arm, and the ability to sleep a only a few hours at night because of the pain. (Tr. 486). As such, the Court finds that the ALJ erred in the manner in which he considered Plaintiff's

subjective factors.[4]

The ALJ's error requires remand. "If a decision 'lacks evidentiary support or is so poorly articulated as to prevent meaningful review,' a remand is required." *Kastner v. Astrue*, 697 F.3d 642, 646 (7th Cir. 2012) (internal citation omitted).

This Memorandum & Order should not be construed as an indication that the Court believes that Plaintiff was disabled during the relevant period or that he should be awarded benefits. On the contrary, the Court has not formed any opinions in that regard and leaves those issues to be determined by the Commissioner after further proceedings.

### Conclusion

The Commissioner's final decision denying Plaintiff's application for disability benefits and supplemental security income is **REVERSED** and **REMANDED** to the Commissioner for rehearing and reconsideration of the evidence, pursuant to sentence four of 42 U.S.C. § 405(g). The Clerk of Court is directed to enter judgment in favor of Plaintiff.

**IT IS SO ORDERED.**

**DATED: July 11, 2025.**

Digitally signed by Gilbert C Sison
Date: 2025.07.11 15:43:40 -05'00'

**GILBERT C. SISON**
**United States Magistrate Judge**

---

[4] As the Court finds that the ALJ committed error regarding Plaintiff's complaints and symptoms which requires remand, the Court need not address Plaintiff's other two arguments.